## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**JOSHUA C. KELLEMS**                                                                                   **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 4:08CV-P33-M**

**DAVID OSBORNE** *et al.*                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND SCHEDULING ORDER

Plaintiff, an inmate currently incarcerated at the Daviess County Detention Center, has filed this action against the following individuals in both their official and individual capacities: David Osborne, Sara Scott, Lt. Bill Billings, Virginia Phillips, and Dr. Henry Davis. Plaintiff alleges that Defendants have violated his Eighth Amendment rights by refusing to provide him proper treatment for his chronic heart condition. Specifically, Plaintiff asserts that Defendants have refused to allow him to see a cardiologist and have refused him a CAT scan, EKG, and blood work, which were previously ordered by a doctor prior to Plaintiff's incarceration. Plaintiff is seeking both monetary and injunctive relief. Upon initial review of the complaint, pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court will allow Plaintiff's claims to proceed beyond initial screening as against all Defendants. A schedule to develop those claims is set forth below.

Plaintiff has also written a letter to the Court asking the Clerk of Court to advise him of the name of the attorney that will be representing him in this action. The Court construes the letter as a motion for appointment of counsel (DN 7). Appointment of counsel in a civil case is not automatic. Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore,

appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of Plaintiff to represent himself. *Id.* Plaintiff has not made any showing that "exceptional circumstances" exist in his case. Accordingly, his motion for appointment of counsel (DN 7) is **DENIED**. Plaintiff is free to renew his motion at any time. If he elects to do so, the Court reminds Plaintiff that he must set forth in writing the reasons he believes the appointment of counsel is necessary. To assist Plaintiff, the Clerk of Court is **DIRECTED** to mail Plaintiff a *pro se* motion form.

To govern the development of Plaintiff's claims, **IT IS ORDERED AS FOLLOWS**:

(1) The Clerk of Court shall issue summons, and the United States Marshal shall serve a copy of the complaint (DN 1) and summons on **each Defendant** in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the complaint and this Order shall also be served on the County Attorney of Daviess County.

(2) The answer to the complaint shall be filed no later than 20 days after service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by the Defendant's answer.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk or which fails to include a certificate of service **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **September 17, 2008**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records

or documentation which are relevant to the claim set forth in this complaint that have survived initial review.  Counsel shall certify that the production is complete.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claim.  He shall certify that production is complete.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admissions.") (emphasis added).

(5) No later than **October 17, 2008**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against **each** Defendant.

(6) No later than **November 16, 2008**, Defendants shall file a pretrial memorandum.  In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56.    (7)  Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **November 16, 2008.**

(8) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(9) Plaintiff must provide written notice of a change of address to the clerk and to the Defendants' counsel.  *See* L.R. 5.2(d)

(10) Plaintiff's failure to notify the clerk of any address change or failure to comply with

this or any subsequent order of the court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc:	Plaintiff, *pro se*
	Defendants
	Daviess County Attorney

4414.008